UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERNANDO AVILA and ROSARIO REYES as Co-Administrators of the Estate of Manuel Avila,<br><br>                Plaintiffs,<br><br>vs.<br><br>CENTURY NATIONAL INSURANCE COMPANY,<br><br>                Defendant. | Case No.  2:09-cv-00682-RCJ-GWF<br><br>**ORDER**<br><br>Motion for Sanctions (#91) |

       This matter comes before the Court on Defendant Century National Insurance Company's ("Defendant") Motion for Sanctions (#91), filed on November 13, 2012.  Plaintiffs filed a timely Response (#95) on November 30, 2012.  Defendant filed a timely Reply (#96) on December 10, 2012.

       In the underlying case, Plaintiffs seek an award for emotional damages on behalf of the Estate of Manuel Avila ("Decedent"), whom Defendant refused to defend in an insurance claim.  Defendant served Plaintiffs with a Notice of Taking Deposition of Person Most Knowledgeable of the Estate of Manuel Avila regarding the basis for Decedent's claims of emotional damages.  Plaintiffs designated, and Defendant deposed, Fernando Avila ("Avila") as the person most knowledgeable of Decedent's estate.  Defendant thereafter filed a Motion for Summary Judgment (#62), arguing Avila's deposition testimony failed to establish emotional distress damages.  The District Court granted Defendant's summary judgment motion (#71).  On appeal, the United States Court of Appeal for the Ninth Circuit found that "there was a genuine dispute of material fact over emotional damages, because [Avila's] testimony was sufficient for a jury to reach the conclusion

that [Decedent] was harmed by [Defendant's] conduct." *See Doc. # 80* at 4. The Ninth Circuit remanded, noting that "allowing further discovery is now within the discretion of the district court." *Id.* at 5, n.2.

Defendant now seeks sanctions under Federal Rule of Civil Procedure 37(d)(1)(A)(i), which provides that a court may order sanctions if "a person designated under rule 30(b)(6) [...] fails, after being served with the proper notice, to appear for that person's deposition." Defendant argues (1) that the emotional distress damages in this case should be judicially established as non-existent, or, alternatively, (2) that the deposition transcript of Avila should be the only evidence allowed at trial on the issue of emotional distress damages. As a basis for sanctions, Defendant claims that Plaintiffs failed to provide a knowledgeable witness in Avila for Defendant's Rule 30(b)(6) deposition. The Ninth Circuit found, however, that Avila's deposition testimony was sufficient for a jury to conclude that Decedent suffered emotional damages. The Court therefore finds that sanctions under Rule 37 are not warranted. Under the Court's November 21, 2012 Scheduling Order (#94), both parties are free to conduct additional discovery regarding Plaintiffs' emotional damages claim until the discovery cutoff on March 13, 2013. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions Pursuant to FRCP 37 (#91) is **denied**.

DATED this 18th day of December, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge